# CHARLESTON.

Ruhl & Co. *v.* Nestor *and others.*

Submitted January 15, 1903. Decided March 28, 1903.

1. Error—*Appellant.*

> An appellant must rely on error prejudicial to himself, and he cannot take advantage of errors apparently prejudicial to others but not injurious to him. (p. 613).

2. Debt.

> To require a person to pay a just debt is not legally prejudicial. (p. 613).

3. Debt—*Erroneous Decree.*

> If a debt is improperly decreed a preference and the persons losing such preference do not complain, the debtor has no right to do so, unless he can show himself personally in a legal sense injured thereby. (p. 614).

Appeal and *supersedeas* from Circuit Court, Randolph County.

Action by Ruhl & Co. against M. L. Nestor and others. Judgment for plaintiff and defendants appeal.

*Affirmed.*

J. A. Bent, for appellees.

W. B. Maxwell and Strader & Strader, for appellants.

Dent, Judge:

M. L. Nestor appeals from a decree of the circuit court of Randolph County setting aside a certain deed made by him to his daughter, J. B. Phillips, on the 18th of March, 1897, as fraudulent and void as to the debt of the appellees, Ruhl & Co., amounting to the sum of two hundred and eighty-seven dollars and seventy-six cents.

The following is the statement of the case from appellant's brief:

"On the 6th of February, 1894, Jacob J. Nestor and wife, conveyed to their son, M. L. Nestor, one hundred and forty-three acres of land in Barbour county, and on the same day took from the said M. L. Nestor, with Helen M. Nestor as his

surety, a contract and bond in the penalty of two thousand dollars conditioned that said M. L. Nestor should provide for them a proper maintenance during their lives. On the 18th day of March, 1897, said M. L. Nestor and wife conveyed this one hundred and forty-three acres of land to their daughter Julia B. Phillips (who afterwards, as a matter of fact, was divorced from her husband and took the name of Julia B. Nestor, and is recognized by both names in the proceedings had in the cause), and in that deed to her a vendor's lien is expressly reserved to secure from her a support for said Jacob J. Nestor and wife. Said Jacob J. Nestor becoming dissatisfied (as is quite usual with old people in such cases) with the support which was provided for him by his son and granddaughter Julia, instituted a suit in equity in the circuit court of Barbour County seeking to annul and cancel the deed he had made to his son and the deed of his son to Julia, and in that suit the court ascertained that three hundred and six dollars and sixty-six cents per annum was the value of the support of said old man and his wife, and it having been made to appear that there was due to said Jacob J. Nestor from said M. L. Nestor the additional sum of one hundred and twenty-five dollars and ninety-two cents, which was for a debt incurred in another way by said M. L. Nestor to his father and which was a lien on the said land, the court decreed said land to be sold to satisfy said last mentioned debt. At the December rules, 1897, the plaintiffs, Ruhl & Co., filed their bill in the circuit court of Randolph County against said M. L. Nestor seeking to sell his real estate to satisfy two judgments they had recovered against him, one of which was for the sum of one hundred and sixty-four dollars and sixty-seven cents, and the other for the sum of one hundred and sixty-one dollars and eighty cents and costs, recovered on the 26th day of the same month, and which said two judgments were recovered on notes which had been executed to said plaintiffs by said M. L. Nestor on the 4th day of March, 1897, for an indebtedness then contracted by him to them. The plaintiffs in their bill assail the deed of M. L. Nestor made to his daughter Julia on the 18th day of March, 1897, as fraudulent and as made for the purpose of hindering, delaying and defrauding the plaintiffs in the collection of their said judgments. Said M.

L. Nestor was the owner of a number of parcels of real estate and among the others had reserved one-half of the oil and minerals under the said one hundred and forty-three acre tract when he conveyed that parcel to his daughter Julia, as aforesaid, all of which said parcel of land and said undivided one-half of the oil and mineral under said one hundred and forty-three acres of land were ascertained by proceedings had in the cause and all of said lands sold but as to these proceedings no error is assigned by the appellant. Said Jacob J. Nestor and wife were made defendants to this suit, and file what they name their "joint answer," but which is in effect a cross bill seeking affirmative relief, reciting certain decrees of the circuit court of Barbour County, and seeking to have the same enforced by a sale of said one hundred and forty-three acres of land. On the 29th of January, 1901, and *pendente lite,* said Jacob J. Nestor and wife and M. L. Nestor and wife and daughter Julia entered into a contract and agreement among each other whereby they settled all their controversies relative to said one hundred and forty-three acres of land, and the said M. L. Nestor, wife and daughter, conveyed all their right, title and interest in the same to M. A. Nestor, as directed by H. L. Nestor, and said M. L. Nestor, wife and daughter agreed to pay certain stipulated sums per annum as long as said Jacob and wife lived and the said Jacob J. Nestor agreed to dismiss all suits and release all claims he held against said M. L. Nestor, wife and daughter, and in fact did do so.

This compromise was brought to the attention of the court in this cause, and given effect by the court by its decree of May 7, 1901. On the 30th day of January, 1902, a decree was entered in this cause utterly ignoring said settlement of their differences made between said Jacob J. Nestor and wife and M. L. Nestor, wife and daughter Julia, and utterly ignoring the rights of said Jacob J. Nestor and wife under the deed of March 18, 1897, of M. L. Nestor and wife to their daughter Julia, and annulled, cancelled and set aside the said deed and held that the said one hundred and forty-two acres of land was liable to sale to satisfy the plaintiffs' said judgments and directing the said land to be sold."

Appellant relies on the following assignment of errors:

"*First:* The court erred in setting aside the deed of M. L. Nestor to J. B. Phillips, dated the 24th day of April, 1894, as being voluntary and fraudulent in law as to the debt of the plaintiffs.

"*Second:* The court erred, in any event, in utterly disregarding the contract between M. L. Nestor and Jacob J. Nestor of February 6, 1894, which under any view of the case, was an obligation or liability under which the circuit court of Barbour County had given to said Jacob J. Nestor a large personal decree for money which that court found to be due by reason of the alleged breach of said contract, and in any event the conveyance of said land to said J. B. Nestor must be regarded as an effort to prefer one creditor over another, and in no event can the plaintiffs ask more than that said deed be treated as an assignment for the equal benefit of all creditors.

"*Third:* The amount decreed to the plaintiffs by said decree of January 30, 1902, is largely more than the plaintiffs are entitled to recover from said M. L. Nestor."

The third assignment being a question of calculation appears to have been abandoned. If there is any mistake with regard to the proper amount of the decree, it could be corrected in the circuit court, but none is shown here.

The second assignment relates to the rights of Jacob J. Nestor, and as he does not appeal or complain the appellant has no right to complain for him.

The error complained of to sustain an appeal in this Court must be one prejudicial to the rights of the appellant. He cannot take advantage of errors committeed against others not prejudicial to him. *Reed* v. *Nixon,* 36 W. Va. 681; *Webb* v. *Bailey,* 41 W. Va. 463.

In the first assignment of error M. L. Nestor complains because his deed to his daughter J. B. Phillips, is held to be voluntary and fraudulent as to his, M. L. Nestor's, debt to the appellees. How is he prejudiced by such decree? J. B. Phillips, his daughter, does not complain. He by general warranty deed parted with all his interest in the land to his sister-in-law, M. A. Nestor, wife of his brother, H. L. Nestor. Neither of them are here complaining of the decree. All M. L. Nestor is interested in is in making his general warranty good. This he can do by paying the debt decreed against him. It is not

legally prejudicial to a person to render a judgment or decree against him or compel him to pay an honest debt. This is all the decree amounts to in so far as he is concerned. The land is not his, and he has no interest therein except to make his warranty good. The easiest way to do this is to pay his just debts and not waste his substance in useless litigation, which may well be considered a species of riotous living.

On the question as to whether the deed was voluntary and fraudulent, the pleadings and proofs favor the contention of the appellees. Cash payment of three hundred dollars recited in the deed as part consideration, which is larger in amount than appellee's debt, is not shown to have been paid.

The agreements entered into and filed by the Nestors show that M. L. Nestor is still recognized as the true owner of the land, and that he is required to and does join in a general warranty deed therefor to his sister-in-law, M. A. Nestor, and received in exchange therefor certain land in Cumberland County, Tenn.

Others may be prejudiced by this decree, but certainly M. L. Nestor is not, unless to require a person to pay a just debt may be deemed prejudicial. Such is not the law. The decree therefore must be affirmed.

*Affirmed.*